**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LEMUEL FRED HENTZ,

        Plaintiff - Appellant,

    v.

PAM J. CENIGA, et al.,

        Defendants - Appellees.

No. 09-35249

D.C. No. 3:08-cv-00157-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted October 19, 2010[**]

Before: O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Oregon state prisoner Lemuel Fred Hentz appeals pro se from the district

court's orders denying his summary judgment motion and granting defendants'

cross-motion for summary judgment in his 42 U.S.C. § 1983 action asserting

various constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo, *FTC v. Stefanchik*, 559 F.3d 924, 927 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on Hentz's claims on qualified immunity grounds because he failed to raise a triable issue that defendants violated any of his constitutional rights. *See Pearson v. Callahan*, 129 S. Ct. 808, 817-18 (2009) (discussing qualified immunity analysis).

Hentz failed to allege the elements necessary for his Fourth, Fifth, and Eighth Amendment claims. *See Hudson v. Palmer*, 468 U.S. 517, 536 (1984) (Fourth Amendment has no applicability to a prison cell); *Bingue v. Prunchak,* 512 F.3d 1169, 1174 (9th Cir. 2008) (Fifth Amendment's Due Process Clause only applies to federal, not state, actors); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (listing elements of Eighth Amendment deliberate indifference claim); *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (order) (listing elements of equal protection claim); *Taylor v. List*, 880 F.2d 1040, 1045-46 (9th Cir. 1989) (conclusory allegations insufficient to defeat summary judgment).

Hentz's conclusory allegations of retaliation and the absence of evidence that defendants seized his books or photos due to their content were insufficient to establish a triable issue as to his retaliation claim. *Cf. Thornburgh v. Abbott*, 490 U.S. 401, 415-16 (1989) (analyzing whether rules governing access to materials are

content-based or not for inmates' First-Amendment claim); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (discussing elements of retaliation claim); *Taylor*, 880 F.2d at 1045 (conclusory allegations of retaliation insufficient).

Finally, Hentz's Fourteenth Amendment claim failed because he was not entitled to a hearing before seizure of contraband items or funds implicated in misconduct; was provided a meaningful hearing before being disciplined; had no protected liberty interest in a 60-day upward departure from standard segregation sanctions; and had adequate post-deprivation remedies for the random and unauthorized loss of his property. *Cf.* Fed. R. Crim. P. 41 (solution for improper seizure is a post-deprivation motion); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (protected liberty interest only arises if segregation imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life"); *Hudson*, 468 U.S. at 531-33 (random and unauthorized deprivation not actionable if state provides meaningful post-deprivation remedy); *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974) (hearing adequate if plaintiff gets advance written notice of charges; an opportunity to present witnesses and evidence; and a written statement of relevant evidence, findings, and reasons for disciplinary action).

Hentz's remaining contentions are unpersuasive.

**AFFIRMED**.